IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2003 AUG 29 A 11: 34

| | |
|---|---|
| MELISSA BUSCH, INDIVIDUALLY<br>CLAIMANT<br><br>VS.<br><br>UNITED STATES OF AMERICA,<br>DEFENDANT | SA03CA0836 FB<br>No. _____ |

COMPLAINT

I. **JURISDICTION AND VENUE**

1. Claimant, MELISSA BUSCH, Individually, is a United States citizen and resident of the State of Texas, and brings this action against Defendant, UNITED STATES OF AMERICA, pursuant to the Federal Tort Claims Act, 28 U.S.C., Sections 1346(b) and 2671 et seq.

2. This is a medical negligence case and the negligent acts and omissions complained of occurred at Brooke Army Medical Center (BAMC), San Antonio, Bexar County, Texas. Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division.

II. **PARTIES**

3. MELISSA BUSCH, Individually, is a citizen of the United States of America.

4. Defendant, UNITED STATES OF AMERICA, may be served by delivering a copy of the summons and of the complaint to the United States Attorney for the Western District of Texas. Defendant may also be served by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia and may also send a copy of the summons and the complaint by registered or certified mail to the Department of

1

the Army.

III.   CONDITIONS PRECEDENT

5.     On September 9, 1999 MELISSA BUSCH timely filed her claim in writing to the Department of the Army through Brooke Army Medical Center. MELISSA BUSCH's claim was given claim number 99-143-T041. The agency's failure to make a final disposition within six months after the claim was presented is deemed a final denial. (28 U.S.C., Section 2675(a)).

IV.    BASIC FACTS

6.     In 1996 and 1997, MELISSA NICOLE BUSCH was married to Robert Rene Gonzales, a member of the U.S. Army and at that time was known as MELISSA NICOLE GONZALES.

7.     In August 1996, MELISSA BUSCH injured her left foot and was treated at Brooke Army Medical Center (BAMC).

8.     On January 8, 1997, MELISSA BUSCH again sought treatment at BAMC for the same foot, complaining that she had been experiencing pain and swelling in her left foot for approximately six months. The initial assessment was negative for a fracture. The treatment plan provided for a bone scan, an orthopedic consult, and a prescription for Motrin. MELISSA BUSCH was advised that the bone scan was scheduled for January 9, 1997, and that she would be notified regarding the date of the orthopedic consult.

9.     On January 10, 1997, the bone scan results reported that there was no evidence of a stress fracture in her left foot.

10.    MELISSA BUSCH attempted to schedule an appointment for the orthopedic consult, but was told that she was on a waiting list for that appointment. The requested orthopedic consult required by MELISSA BUSCH's treatment plan was never scheduled and MELISSA BUSCH was never notified of

2

the urgency of being examined by an orthopedic specialist. The Medical Record Consultation Sheet, dated January 8, 1997, requesting the orthopedic consult for MELISSA BUSCH erroneously states that her August 1996 foot injury, and the subsequent soft tissue swelling, occurred "6 wks ago" not "6 mos. ago" as stated in the treatment notes.

11.     On January 31, 1997, MELISSA BUSCH was divorced from her military member spouse. She was never advised of her rights to enroll in the Continued Health Care Benefit Program.

12.     In December 1998, as occurred in January 1997, the top of MELISSA BUSCH's left foot became swollen and was painful without any apparent cause. After discussions with her family physician, MELISSA BUSCH was referred to a podiatrist whose examination revealed that the swelling was due to a tissue mass that needed to be excised.

13.     On January 22, 1999, surgery was performed at the Northeast Baptist Hospital. Upon making an incision and exposing the tumor, the podiatrist recognized that the mass was not a simple benign cyst, but a much more serious tumor. As was appropriate, podiatrist removed the tumor and sent the tissue mass for a pathological evaluation. MD Anderson Cancer Center in Houston, Texas ultimately diagnosed the tumor as monophasic synovial cell sarcoma. The podiatrist referred MELISSA BUSCH to an Oncologist who examined her and referred her to Dr. Williams, an Oncologist and Orthopedic Surgeon, at the UT Health Science Center.

14.     Because of the size of the tumor at the time of its discovery, Dr. Williams recommended a course of treatment which required a below-the-knee amputation immediately followed by adjuvant chemotherapy.

15.     On February 17, 1999, MELISSA BUSCH's left leg was amputated below-the-knee.

16.     The regimen of chemotherapy could not commence unless MELISSA BUSCH aborted her unborn

child. Believing she had no other choice, Melissa agreed to the abortion.

17. In March 1999, Melissa began an eight -month regimen of weekly chemotherapy the week following the forced abortion. The most noticeable immediate result was the loss of her hair and physical debilitation. During the course of chemical injections, she suffered adverse reactions requiring hospitalizations.

18. In addition to the devastating physical and economical losses suffered as a result of this tragic series of events, MELISSA BUSCH also suffered serious emotional and psychological consequences. MELISSA BUSCH was subsequently diagnosed with major depression, PTSD, agoraphobia, and panic disorder.

19. Although MELISSA BUSCH has received medical treatment all of her life almost exclusively through the United States Military, neither MELISSA BUSCH or the U.S. Army Claim Service have been able to obtain all of the medical records regarding Melissa Busch's claim. Many of the medical records maintained by the military treatment facilities have reportedly been lost.

20. Unfortunately, the below the knee amputation and adjunct chemotherapy did not cure the cancer. The cancer recurred in early 2002. As a result, MELISSA BUSCH has received radiation and chemotherapy treatments. MELISSA BUSCH continues to undergo regular and extensive medical examinations and treatment.

V.  NEGLIGENCE UNDER THE FEDERAL TORT CLAIMS ACT

21. The acts and omissions by health care providers at BAMC were negligent. Those health care providers at BAMC were in the employment of Defendant and were acting within their course and scope of employment and had a duty to exercise ordinary care commensurate with their respective standards of care applicable to their position as a health care provider. Under the laws of the State of Texas, a private

4

person and/or hospital would be liable to MELISSA BUSCH for these negligent acts and omissions. In accordance with 28 U.S.C., Section 1346(b)$_1$ the United States is liable to MELISSA BUSCH for her damages for the injuries she sustained more particularly described below.

22. MELISSA BUSCH's injuries and present condition are the result of negligence on behalf of the BAMC staff which constitutes a deviation from the appropriate standards of care. Such negligence includes, but is not limited to, failure to make all treating personnel aware of this very significant and severe condition; failure of treating and attending physicians and health care providers noting the swelling on the top of MELISSA BUSCH's foot over a six-month period to make the proper appointments and/or order the orthopedic consultation; failure to formulate differential diagnosis and discuss the diagnostic options with MELISSA BUSCH; failure of treating and attending physicians and health care providers to be aware of MELISSA BUSCH's condition and to investigate the circumstances and obtain the medical history of MELISSA BUSCH. Defendants further failed to inform MELISSA BUSCH of the need to seek further evaluation or treatment. The lump on MELISSA BUSCH's left foot was not biopsied and there was no follow-up evaluation. Defendants failed to warn or inform MELISSA BUSCH of the urgency of obtaining an orthopedic consult and the risks and consequences involved which would have influenced a person of reasonable prudence to seek further examination and treatment.

23. The negligence of Defendant consisted of numerous below the standard of medical care failures in the treatment provided to MELISSA BUSCH, including: failure to obtain or research the patient's history when records indicate that MELISSA BUSCH had experienced swelling in her foot over a six (6) month period; failure to diagnose Synovial Sarcoma; failure to schedule an orthopedic specialist consultation; failure to formulate differential diagnosis and discuss the diagnostic options with

MELISSA BUSCH; negligent misdiagnosis after reviewing records that showed an ongoing condition; failure to consider the diagnosis and to institute prompt therapies; failure to make an appointment with other specialists as recommended.

VI. **DAMAGES**

24. As a direct and proximate result of UNITED STATES OF AMERICA's negligence, MELISSA BUSCH has suffered serious physical, mental and emotional pain and suffering related to the treatment of the Synovia cell sarcoma which could have been minimized or avoided including but not limited to a below-the-knee amputation, the forced abortion of her child, chemotherapy, adverse reactions to chemotherapy, radiation, mental and emotional injuries (including but not limited to major depression, panic disorder with agoraphobia and post traumatic stress disorder), and chronic pain. These injuries are permanent in nature, and they have had a serious effect on MELISSA BUSCH's health and well-being.

25. The following is a list of Melissa Busch's physical and emotional injuries and damages:

Synovial cell sarcoma, disfiguring loss of limb/below the knee amputation, increased chances for the recurrence or spread of the cancer which may ultimately result in a her premature death, loss of a viable pregnancy/forced abortion, pain and suffering - surgeries, artificial leg, chemotherapy, ongoing medical problems, physical impairment and disfigurement, Post Traumatic Stress Disorder: nightmares, insomnia, loss of appetite, fatigue, irritability, and helplessness, major depression severe, mental anguish, physical pain, fear of loss of life, loss of baby because of forced abortion, physical and mental restrictions, anxiety regarding future, diminished self esteem, panic disorder with agoraphobia, and chronic pain.

26. As a result of UNITED STATES OF AMERICA's negligence, MELISSA BUSCH has incurred medical expenses in the past and will incur future reasonable and necessary expenses for further medical

care and treatment.

27. As a result of UNITED STATES OF AMERICA's negligence, Plaintiff has sustained lost wages in the past and will sustain lost wages in the future. Plaintiff has also sustained impairment of her capacity to earn money.

28. The acts and omissions of UNITED STATES OF AMERICA constitute such an entire want of care as to indicate a conscious indifference to the rights, welfare, and/or safety of MELISSA BUSCH, by reason of which Claimant seeks exemplary/punitive damages.

29. As a direct and proximate result of Defendant's medical negligence, MELISSA BUSCH has suffered damages and injuries, including the following:

A. Physical pain and mental anguish in the past and future.

B. Lost earnings.

C. Damage to earning capacity.

D. Disfigurement in the past and future.

E. Medical expenses and cost of daily care in the past and for the rest of her life.

F. Physical impairment in the past and future.

VII. PRAYER

30. WHEREFORE, MELISSA BUSCH demands judgment against the United States of America in the amount two million dollars ($2,000,000.00), such sum as was set forth in the administrative claim precedent hereto, costs of suit, prejudgment and postjudgment interest, and all such other relief to which MELISSA BUSCH is entitled at law and in equity.

Respectfully submitted,

LAW OFFICES OF PER ANN HARDY
418 Park Avenue East
San Antonio, Texas 78212
Telephone: (210) 226-8890
Telecopier: (210) 222-1891

BY: *[signature]*
**PER ANN HARDY**
State Bar No. 08986500
**JAMES E. HOFFMAN**, *pro hoc vice*
State Bar No. 09781750
**ATTORNEYS FOR MELISSA BUSCH**